**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 3, 2011

No. 10-60609

Lyle W. Cayce
Clerk

NATIONWIDE MUTUAL INSURANCE COMPANY,

Plaintiff - Appellee

v.

A. H., A Minor, by and through John K. Hunter and Luvonne Hunter, her natural parents and next friends; JOHN K. HUNTER; LUVONNE HUNTER; TRI COUNTY CONTRACTORS, INCORPORATED; JOHN K. HUNTER, JR.,

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CV-402

Before JONES, Chief Judge, and STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nationwide Mutual Insurance Company filed for a declaratory judgment that it had no duty to indemnify Tri County Contractors, Inc., under a commercial general liability (CGL) policy. The district court granted Nationwide's motion for summary judgment, concluding that the policy did not cover Tri County's claim. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60609

## FACTUAL AND PROCEDURAL HISTORY

In October 2005, A. H., the minor daughter of John Hunter, Sr. and Luvonne Hunter, was involved in an automobile accident with Christopher Etheridge. Etheridge was severely injured. In September 2006, Etheridge and his wife brought an action against the Hunters and A. H. for injuries sustained in the accident. The action resulted in a two million dollar judgment against the Hunters.

In an effort to collect on the judgment, the Etheridges filed a writ of execution against Tri County, a company allegedly owned solely by John Hunter, Sr., to seize Hunter's stock in the corporation. Following the provisions of a state statute, the writ directed an officer of the corporation to provide a sworn statement within 10 days of the extent of Hunter's interest in the company. Miss. Code Ann. § 13-3-129. Tri County failed to provide such a statement, making the corporation liable for the full amount of the judgment. *Id.* The state court found that Tri County had not complied with the statute and entered judgment for the entire two million dollars. That judgment is now final.

Tri County subsequently attempted to obtain coverage for the judgment under its CGL policy with Nationwide. Nationwide filed a declaratory judgment action in the Southern District of Mississippi seeking a ruling that it had no duty to indemnify Tri County for damage resulting from Tri County's violation of the state statute. The district court granted summary judgment, ruling that the policy did not provide any coverage. Tri County appealed.

## DISCUSSION

The Nationwide CGL policy provided for coverage of "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage.'" The district court concluded that Tri County's liability to pay the Etheridges was the result of its failure to respond to the information request and was not liability for damages due to bodily injury.

2

No. 10-60609

The statute that required Tri County to provide a prompt written statement of the value of the stock is one of a series of statutes establishing the procedures for levying on assets of a judgment debtor. *See* Miss. Code Ann. §§ 13-3-123 to -133 (1972). If a corporation does not timely respond to a levy on stock by stating under oath "the amount of the defendant's stock, the number of his shares, or extent of his interest," the corporation becomes "liable to the plaintiff for the full amount of the judgment" underlying the levy. *Id.*, § 13-3-129. This statutory penalty has existed at least since 1892. Miss. Code § 3467 (1892). An earlier statute provided that stock certificates, banks notes, and other "evidences of debt" could be the subject of execution; the custodian of the relevant records had to provide an accurate accounting of the debtor's holdings on pain of paying "double the amount of all damages" caused by the failure to comply. Miss. Code Ch. LXI, Art. 285 (1857).

It has not been relevant under any of these statutes whether the judgment was for breach of contract, for damages to property, or for bodily injury. All that matters is that the records custodian not comply with the statute.

The issue on appeal does not concern the validity of this Mississippi penalty for failure to disclose stockholdings. Instead, it is whether the judgment entered against Tri County is a sum it became obligated to pay because of bodily injury. Tri County argues that because the underlying judgment against the Hunters was due to bodily injury sustained by Etheridge in the automobile accident, the contempt judgment for the same amount is covered by the language in the CGL policy. We disagree.

The applicability of identical CGL policy language to a similar factual situation was recently resolved by this court. The case concerned a doctor whose letter of recommendation had failed to disclose another doctor's drug use and termination from employment. *Preau v. St. Paul Fire & Marine Ins. Co.*, 645 F.3d 293, 294 (5th Cir. 2011). A patient suffered grievous injuries due to the

3

impaired doctor's negligence.  She settled her claims against the medical center who, apparently oblivious to his addiction, had hired the doctor.  The medical center later obtained a judgment against the recommending doctor due to his intentional misrepresentation of the impaired doctor's condition.  The recommending doctor then sought recovery under a CGL policy, arguing that the liability arose from a bodily injury.  This court held that claim was instead for the economic damages caused by the letter writer's breach of his duty not to engage in tortious misrepresentation.  *Id.* at 297.

In the present case, the district court wrote a thorough Memorandum Opinion and Order that anticipated the reasoning of the not-yet issued *Preau* opinion.  The district court held that the judgment against Tri County was "imposed strictly as a sanction for contempt based on Tri County's violation of the statute."  As in *Preau*, Tri County had not become "legally obligated to pay" any damages as a result of a "bodily injury," which are the relevant terms in the CGL policy. Consequently, there was no genuine issue of material fact as to whether coverage was owed under the CGL policy.  We AFFIRM.